IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FSEC, INC., A CALIFORNIA CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2152C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph for 2 lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

3. Admits.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first and second sentences of paragraph 5. Denies the allegation contained in the third sentence of paragraph 5 that the revised contract price was $21,839,080.00; otherwise admits the allegations contained in the third sentence of paragraph 5.

6. Denies.

FIRST CAUSE OF ACTION

7. Defendant incorporates by reference its responses contained in paragraphs 1 through 6 of its answer as though fully set forth here.

8. Denies the allegation in the first sentence of paragraph 8.

(a) Admits the allegation contained in the first sentence on paragraph 8(a) that the Navy made changes to the contract drawings, but avers that the Navy made those changes prior to the bid opening, and alerted all bidders of this fact; otherwise denies the allegations contained in the first sentence of paragraph 8(a). Denies the allegations contained in the second, third, fourth, fifth, and sixth sentences of paragraph 8(a);

(b) the allegations contained in paragraph 8(b) are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied;

(c) denies;

(d) denies;

(e) denies;

(f) denies;

(g) denies.

9. Denies.

10. Denies.

11. The allegations contained in the paragraph 11 are conclusions of law to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

12. Admits the allegation contained in paragraph 12 to the extent supported by the contracting officer's final decision dated June 20, 2003, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Denies each and every allegation not previously admitted or otherwise qualified.

14. Denies that plaintiff is entitled to the relief requested in its prayers for relief regarding the first cause of action, or to any relief whatsoever.

AFFIRMATIVE DEFENSES

15. Plaintiff's claims are barred in whole or in part by the affirmative defense of accord and satisfaction.

16. Plaintiff's claims are barred in whole or in part by the affirmative defense of release.

17. Plaintiff's claims are barred in whole or in part by the affirmative defense of waiver.

18. Plaintiff's claims are barred in whole or in part by the affirmative defense of laches.

19. Plaintiff's claims are barred in whole or in part by the affirmative defense of estoppel.

WHEREFORE, defendant requests that the Court dismiss the complaint and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick

MARK A. MELNICK
Assistant Director

s/ Gerald M. Alexander

GERALD M. ALEXANDER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. St., N.W.,
Washington, D.C. 20530
Tele: (202) 307-0361
Fax: (202) 514-7965

February 25, 2004

Attorneys for Defendant