# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FSEC, INC., A California corporation,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**CASE NO. 03-2152C**

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AND SERVE SUPPLEMENTAL COMPLAINT**

I

## INTRODUCTION

Plaintiff first filed its original Complaint on September 11, 2003. Subsequent thereto, on February 18, 2004, Defendant, the United States by and through the Department of Navy ("NAVY") issued Final Decision 04-002F, wherein Defendant purported to assess liquidated damages against Plaintiff in the amount of $3,685,100.00. A copy of said Decision is lodged herewith as Exhibit 1. Pursuant to said Decision in lieu of appealing to the Armed Services Board of Contract Appeals, Plaintiff is entitled to bring this action directly in the United States Court of Federal Claims within 12 months of the date for receipt of the aforesaid Decision. (See page 4 at Exhibit 1.) As such, Plaintiff seeks to file this Supplemental Complaint to allege the assessment of said liquidated damages and allegations contesting same. Said proposed Supplemental Complaint is concurrently filed herewith.

The proposed Supplemental Complaint contains changes at paragraphs 13 and 14 relating to the aforesaid Final Decision, purporting to assess liquidated damages.

The original claim submitted by Plaintiff was in excess of $7,000,000.00 and put in issue the very same issues that would be decided in relation to an assessment of liquidated damages. That is, in its claim for approximately $7,395,000.00, Plaintiff claims that it was delayed, disrupted and caused to perform inefficiently and, further, the NAVY changed the plans and specifications and did not and would not grant time extensions with respect to said work and the other delays and

disruptions caused to Plaintiff.

This Supplemental Complaint, with the new allegations set forth in paragraphs 13 and 14, are more of a formality to bring to issue in determination before this Court. The Supplemental Complaint will not cause any undue delay in the processing of this matter.

**II**

**THE COURT HAS STATUTORY RULE AUTHORITY TO ALLOW THE FILING OF A SUPPLEMENTAL COMPLAINT.**

Rule 15 (d) of the Rules of Court of Federal Claims (RCFC) allows for the filing of a supplemental pleadings and notes as follows:

> "Upon motion of a party, the Court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleadings setting forth transactions or occurrences or events which have happened since the date of a pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the Court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefore."

As noted in Section I above, subsequent to the filing of the original Complaint in this matter, the Defendant, acting through the "NAVY" issued an assessment of liquidated damages. Pursuant to the alternative proposed in said Decision, Plaintiff seeks to litigate the validity of such assessment and the corresponding request by Plaintiff of time extensions with respect thereto in this action rather than pursue a separate appeal as noted at page 4 of Exhibit 1.

////

Defendant's counsel has stated he cannot stipulate the filing of this pleading for unstated procedural reasons, but has indicated no opposition to the motion. As such, plaintiff respectfully requests the Court to grant this motion, and order the Supplemental Complaint deemed filed and served as of such date.

Dated: May 4, 2004

*/s/ Richard D. Corona*

_______________________________
Richard D. Corona

The Corona Firm, LLP
Attorneys for FSEC, INC.
4700 Spring Street, Suite 300
La Mesa, CA 91941
Telephone: (619) 299-3311
Fax: (619) 299-3334

# EXHIBIT 1

**DEPARTMENT OF THE NAVY**
NORTHERN DIVISION
NAVAL FACILITIES ENGINEERING COMMAND
10 INDUSTRIAL HIGHWAY
MAIL STOP, #82
LESTER, PA 19113-2090

IN REPLY REFER TO
4200
AQX/MP
**FEB 1 8 2004**

SENT VIA FEDERAL EXPRESS

FINAL DECISION NO.04-002F

Mr. Kevin Slattery
President and C.E.O.
FSEC, Inc.
100 East Corson Street
Pasadena, CA 91103

Dear Mr. Slattery:

SUBJECT: CONTRACT N62472-94-C-0311; REALIGNMENT/CONSOLIDATION OF CARDEROCK DIVISION, PHILADELPHIA NAVAL SHIPYARD, PHILADELPHIA, PA

Paragraph 1.5 of Specification Section 00720 of the subject contract between your company and the Navy reads in pertinent part as follows:

FAR 52.212-5, Liquidated Damages - Construction (Apr 1984) - Alternate I (Apr 1984)

(a) If the Contractor fails to complete the work within the time specified in the contract, or any extension, the Contractor shall pay to the Government as liquidated damages, the sum of (see table below) for each day of delay.

| Description | Liquidated Damages / Per Day |
|---|---|
| Base Bid | $4,550.00 |
| Item 2: Option I | $3,000.00 |
| Item 3: Option 2 | $ 200.00 |
| Item 4: Option 3 | $ 200.00 |
| Item 5: Option 4 | $ 250.00 |
| Item 6: Option 5 | $ 200.00 |
| Item 7: Option 6 | $ 200.00 |
| Item 8: Option 7 | $ 200.00 |
| Item 9: Option 8 | $ 200.00 |

4200
AQX/MP
**FEB 1 8 2004**

Modification P00002 to the subject contract revised the contract, times for completion of the Base Bid and Options 1 through 8 (i.e. Bid Items 1 through 9) as follows:

| Bid Item # | /Option # | Calendar Days After Award | Completion Date |
|---|---|---|---|
| 1 | Base Bid | | 14 May 1997 |
| 2 | Option 1 | 493 Days | 11 Jul 1997 |
| 3 | Option 2 | 493 Days | 11 Jul 1997 |
| 4 | Option 3 | 493 Days | 11 Jul 1997 |
| 5 | Option 4 | 493 Days | 11 Jul 1997 |
| 6 | Option 5 | 493 Days | 11 Jul 1997 |
| 7 | Option 6 | 493 Days | 11 Jul 1997 |
| 8 | Option 7 | 493 Days | 11 Jul 1997 |
| 9 | Option 8 | 493 Days | 11 Jul 1997 |

The Resident Officer in Charge of Construction, Naval Facilities Contract Office, Philadelphia, Naval Base, determined the following to be the dates that the work covered by Bid Items 1 through 9 were substantially completed:

| | Substantial Completion Date |
|---|---|
| Base Bid | 03 Sept 1998 |
| Option 1 | 01 Jul 1998 |
| Option 2 | 01 Jul 1998 |
| Option 3 | 19 Nov 1997 |
| Option 4 | 03 Sep 1998 |
| Option 5 | 28 Aug 1998 |
| Option 6 | 28 Aug 1998 |
| Option 7 | 28 Aug 1998 |
| Option 8 | Deleted from contract |

The liability of your company for liquidated damages is determined as follows:

4200
AQX/MP
**FEB 1 8 2004**

| BID ITEM | DESCRIPTION | CONTRACT COMPLETION DATE | SUBSTANTIAL COMPLETION DATE | # DAYS LATE | LID RATE | TOTAL |
|---|---|---|---|---|---|---|
| Base Bid | Bldg. #4 / Bldg. #1000 | 14-May-97 | 3-Sep-98 | 477 | $4550 | $2,170,350.00 |
| **Option** 1 | **Relocations** | 11-Jul-97 | 1-Jul-98 | 355 | $3000 | $1,065,000.00 |
| **Option** 2 | Test 93-20 | 11-Jul-97 | 1-Jul-98 | 355 | $200 | 71,000.00 |
| **Option** 3 | Bldg. **#4 Chillers** | 11-Jul-97 | 19-Nov-97 | 131 | $200 | $ 26,200.00 |
| **Option** 4 | **Bldg. #1000 Chillers** | 11-Jul-97 | 3-Sep-98 | 419 | $250 | $ 104,750.00 |
| **Option** 5 | Demo. Var. **Buildings** | 11-Jul-97 | 28-Aug-98 | 413 | $200 | $ 82,600.00 |
| **Option** 6 | **Demo. Var. Buildings** | 11-Jul-97 | 28-Aug-98 | 413 | $200 | $ 82,600.00 |
| **Option** 7 | Fence | 11-Jut-97 | 28-Aug-98 | 413 | $200 | $ 82,600.00 |
| **Option** 8 | **Mothballing** | 11-Jul-97 | **Deleted** | from | **contract** | |
| TOTAL | | | | | | $3,685,100.00 |

Accordingly, demand is hereby made on you in the amount of $3,685,100.00.

Your check should be made out to the U.S. Treasury Department. Pursuant to the interest clause in your contract, interest is due at the rate established by law from the date of your receipt of this letter.

You may submit a proposal for deferment of collection if immediate payment is not practicable or if you plan to dispute the amount due. Any requests for deferment shall be submitted to the Contracting Officer. Please remit payment to:

Commanding Officer
Engineering Field Activity, Northeast
Naval Facilities Engineering Command
10 Industrial Highway, MS #82
Lester, PA 19113-2090

This is the final decision of the contracting officer. This Decision may be appealed to the Armed Services Board of Contract Appeals, which is the authorized representative of the Secretary of the Navy for hearing and determining contract disputes.

If you decide to appeal this decision, written notice thereof must be mailed or otherwise furnished to the Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, 7th Floor, Falls Church, VA 22041, within ninety (90) days from the date you receive this decision. A copy of that notice

4200
AQX/MP
**FEB 1 8 2004**

shall also be furnished to the Contracting Officer from whose decision the appeal **is** taken, at the address set forth at the head of this letter, Attention: Director, Contracts Department. The notice should indicate that an appeal is. intended, should reference this decision, identify the contract by number, and state the amount in dispute. The rules of procedure of the Armed Services Board of Contract Appeals are in the DFAR, Appendix A, Part Two. Optional Accelerated Procedures are available in appeals involving $50,000 or less. Small Claims (Expedited) Procedures are available in appeals involving $10,000 or less. In lieu of appealing to the Armed Services Board of Contracts Appeals, you may bring action directly in the U.S. Court of Federal Claims within 12 months of the date you received this decision (except as provided in Section 4 of the Act (Maritime Contracts)).

Sincerely,

R. B. RAINES
Captain, CEC, U.S. Navy
Commanding Officer

Copy to: Richard D. Corona, The Corona Firm, LLP