# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FSEC, INC., A California corporation,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**CASE NO. 03-2152C**

**SUPPLEMENTAL COMPLAINT**

Plaintiff alleges:

1. The United States Court of Federal Claims has jurisdiction of this matter pursuant to 41 U.S.C. § 609(a)(1), the Contract Disputes Act ("CDA").

2. Plaintiff, FSEC, INC., (hereinafter "Plaintiff' or "FSEC") is and at all times herein mentioned was a corporation duly organized and existing under the laws of the State of California and a wholly owned subsidiary of the Arctic Slope Regional Corporation, an Alaska Native Corporation formed pursuant to an Act of the United States Congress.

3. Defendant, THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the DEPARTMENT OF THE NAVY, (hereinafter "Defendant" or "NAVY") which is, and at all times herein mentioned was, an agency of THE UNITED STATES OF AMERICA.

4. On or about February 20, 1996, FSEC entered into a contract with the NAVY, by the terms of which FSEC agreed to perform certain construction and relocation work known as "Realignment/Relocation Carderock, Division" at Philadelphia Naval Shipyard, Philadelphia, Pennsylvania, Contract No. N62472-94-C-03 11 (hereinafter "the Contract"). The project included major alterations to Building 1000 and Building 4, the relocation and consolidation of forty-three (43) laboratories, the relocation of 985 personnel into Building 4, the relocation of warehoused material, the installation of LAN and voice systems in Building 1000 and Building 4, the relocation of laboratory equipment and test sites, transportation and installation of equipment into refurbished laboratories, installation of perimeter fencing and security system, the demolition of nine (9) buildings, moth-balling

of ten (10) buildings and the removal and disposal of asbestos-containing materials. The entire agreement which incorporates by reference the plans, specifications and other contract documents (hereinafter collectively referred to as "Contract Documents") is voluminous, and therefore not attached hereto, but is or has been made available to the Defendant and is incorporated herein by reference as though fully set forth herein.

5. The Contract was competitively bid by FSEC pursuant to a solicitation by the NAVY for competitive bids. FSEC submitted its competitive bid and was awarded the Contract in the amount of $17,358,000.00. Agreed upon changes during the performance of the Contract increased the Contract value by $4,481,080.00, resulting in a revised Contract price of $21,839,080.00.

6. FSEC has performed any and all obligations required of it under the contract, except as has been excused by the failures of performance of the NAVY, as more specifically set forth herein.

**FIRST CAUSE OF ACTION**

7. FSEC incorporates by reference the allegations of paragraphs 1 through 6 above as though the same were set forth in full herein.

8. The NAVY breached the Contract by, *inter alia:*

(a) Entering into the Contract with knowledge that the plans and specifications upon which FSEC's initial bid had been based ("Bid Drawings") would not be the plans used in performance of the Contract. The Bid Drawings had been significantly revised through October 16, 1995 drawings ("Revised Contract Drawings") which were in existence prior FSEC's bid and the subsequent contract award. However, FSEC was not made aware of the Revised Contract Drawings or the NAVY's intent to use the Revised Contract Drawings for the Project. After the contract had been awarded, the NAVY expressed its intent to utilize the Revised Contract Drawings as the Contract Drawings without offering FSEC an increase in the contract price or an increase in the time allotted for contract performance. The additional work incorporated by the Revised Contract Drawings had a reasonable value in excess of approximately $1,310,320.00. However, notwithstanding FSEC's objections, the NAVY unilaterally issued Modification P00006, which established the October 16, 1995 drawings as the contract drawings and increased the contract price by only $498,662.00, considerably less than the reasonable value of the extra work;

(b) Providing Contract Documents that were defective and deficient which required FSEC to issue over 678 Requests for Information, 240 Change Order Requests and resulted in hundreds of drawing and specification revisions necessary to address deficiencies in the Contract Documents;

©) Taking excessive and unreasonable time to correct defective and deficient Contract Drawings and Specifications;

(d) Failing to provide site conditions that were in conformance with the NAVY's obligations under the Contract Documents;

(e) Constructively expanding FSEC's scope of work under the contract through untimely and unreasonable interpretations of the Contract requirements and thereupon failing to issue Modifications to the Contract to equitably compensate for the resulting costs, impacts and delays;

(f) Actively interfering with FSEC's execution of the contract work through continuous and oppressive issuances of clarifications, improper rejection of submittals, improper rejection of change order requests and improperly withholding progress payment and retainage monies properly owed to FSEC;

(g) Constructively accelerating the time for completion of work by refusing to grant reasonable time extensions for the changed and increased scope of work.

9. As a result of the above, (1) FSEC's completion of the project was impacted and delayed at least 428 days which expanded and increased the field and home office overhead of FSEC and certain of its subcontractors and also interfered with FSEC's ability to properly, efficiently and economically plan, administer and execute the contract work; (2) FSEC incurred unanticipated excess costs of performance of its work and that of certain of its subcontractors as and for labor inefficiencies, impacts, material waste, idle labor, equipment and supervision, uncompensated extra work, consequential damages, expanded site and home office administration.

10. In doing the acts as alleged above, and in refusing to discharge its contractual obligations in a proper, timely and equitable manner, the NAVY breached its duty not to hinder FSEC or interfere with the FSEC's performance of the Contract.

11. On or about October 7, 1997, in accordance with the requirements of the Contract Documents, and all applicable laws and regulations, FSEC submitted its initial certified claim to the

NAVY for consideration. From time to time thereafter, through and including May, 2003, FSEC amended the quantum of its claims for equitable adjustment and raised additional entitlement issues as they became known and were quantified. The last CDA certification of its claims was made by letter dated March 20, 2003 and the last quantification of FSEC's claims was provided to the NAVY during presentations made on May 21-23, 2003. FSEC's claims as presently quantified are in the sum of $7,395,460.00, together with interest, costs and attorneys' fees as provided by law.

12. On or about June 20, 2003, the NAVY's Contracting Officer responded to FSEC's claims as aforesaid and denied the entirety thereof.

13. On or about February 18, 2004, the Defendant, United States, by and through R. B. RAINES, Captain, CEC, U. S. Navy, Commanding Officer, issued Final Decision 04-002F, wherein Defendant herein purported to assess liquidated damages against Plaintiff in the amount of $3,685,100.00. A copy of said Decision is attached hereto as Exhibit 1. Pursuant to said Decision, in lieu of appealing to the Armed Services Board of Contract Appeals, Plaintiff is entitled to bring this action directly in the United States Court of Federal Claims within 12 months of the date for receipt of the aforesaid Decision. As such, pursuant to this Supplemental Complaint, Plaintiff herein brings this action to contest the assessment of liquidated damages.

14. As a result of the acts and/or omissions as alleged herein, and as set forth in the Request for Equitable Adjustment and other claim certifications as noted in paragraph 11 above, the Government took beneficial occupancy of the last facility and accepted the work on September 3, 1998. The total delay to the work was 477 calendar days. Plaintiff herein claims an excusable delay and time extension based thereon of 477 days. FSEC is entitled to a compensable time extension of no less than 428 days. As a result thereof, Defendant is not entitled to assessment of liquidated damages as noted in the Final Decision herein.

**WHEREFORE,** Plaintiff prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For damages in the principal amount of at least $7,395,460.00, together with interest thereon from a date according to proof, along with a Statement and Declaration from this Court that Plaintiff is entitled to a contract time extension in accordance with proof at the

time of trial;

2. For costs of suit incurred herein; and

3. For attorneys' fees and expenses under the Equal Access to Justice Act; and

4. For such other and further relief as the Court may deem just and proper.

Dated: May 4, 2004

*/s/Richard D. Corona*

By: ______________________________

Richard D. Corona
The Corona Firm, LLP
Attorneys for FSEC, INC.
4700 Spring Street, Suite 300
La Mesa, CA 91941
Telephone: (619) 299-3311
Fax: (619) 299-3334

# EXHIBIT 1

**DEPARTMENT OF THE NAVY**
NORTHERN DIVISION
NAVAL FACILITIES ENGINEERING COMMAND
10 INDUSTRIAL HIGHWAY
MAIL STOP, #82
LESTER, PA 19113-2090

IN REPLY REFER TO
4200
AQX/MP
**FEB 1 8 2004**

SENT VIA FEDERAL EXPRESS

FINAL DECISION NO.04-002F

Mr. Kevin Slattery
President and C.E.O.
FSEC, Inc.
100 East Corson Street
Pasadena, CA 91103

Dear Mr. Slattery:

SUBJECT: CONTRACT N62472-94-C-0311; REALIGNMENT/CONSOLIDATION OF CARDEROCK DIVISION, PHILADELPHIA NAVAL SHIPYARD, PHILADELPHIA, PA

Paragraph 1.5 of Specification Section 00720 of the subject contract between your company and the Navy reads in pertinent part as follows:

FAR 52.212-5, Liquidated Damages - Construction (Apr 1984) - Alternate I (Apr 1984)

(a) If the Contractor fails to complete the work within the time specified in the contract, or any extension, the Contractor shall pay to the Government as liquidated damages, the sum of (see table below) for each day of delay.

| Description | Liquidated Damages / Per Day |
|---|---|
| Base Bid | $4,550.00 |
| Item 2: Option I | $3,000.00 |
| Item 3: Option 2 | $ 200.00 |
| Item 4: Option 3 | $ 200.00 |
| Item 5: Option 4 | $ 250.00 |
| Item 6: Option 5 | $ 200.00 |
| Item 7: Option 6 | $ 200.00 |
| Item 8: Option 7 | $ 200.00 |
| Item 9: Option 8 | $ 200.00 |

4200
AQX/MP
**FEB 1 8 2004**

Modification P00002 to the subject contract revised the contract. times for completion of the Base Bid and Options 1 through 8 (i.e. Bid Items 1 through 9) as follows:

| Bid Item #/Option # | | Calendar Days After Award | Completion Date |
|---|---|---|---|
| 1 | Base Bid | | 14 May 1997 |
| 2 | Option 1 | 493 Days | 11 Jul 1997 |
| 3 | Option 2 | 493 Days | 11 Jul 1997 |
| 4 | Option 3 | 493 Days | 11 Jul 1997 |
| 5 | Option 4 | 493 Days | 11 Jul 1997 |
| 6 | Option 5 | 493 Days | 11 Jul 1997 |
| 7 | Option 6 | 493 Days | 11 Jul 1997 |
| 8 | Option 7 | 493 Days | 11 Jul 1997 |
| 9 | Option 8 | 493 Days | 11 Jul 1997 |

The Resident Officer in Charge of Construction, Naval Facilities Contract Office, Philadelphia, Naval Base, determined the following to be the dates that the work covered by Bid Items 1 through 9 were substantially completed:

| | Substantial Completion Date |
|---|---|
| Base Bid | 03 Sept 1998 |
| Option 1 | 01 Jul 1998 |
| Option 2 | 01 Jul 1998 |
| Option 3 | 19 Nov 1997 |
| Option 4 | 03 Sep 1998 |
| Option 5 | 28 Aug 1998 |
| Option 6 | 28 Aug 1998 |
| Option 7 | 28 Aug 1998 |
| Option 8 | Deleted from contract |

The liability of your company for liquidated damages is determined as follows:

4200
AQX/MP
*FEB 1 8 2004*

| BID ITEM | DESCRIPTION | CONTRACT COMPLETION DATE | SUBSTANTIAL COMPLETION DATE | # DAYS LATE | LID RATE | TOTAL |
|---|---|---|---|---|---|---|
| Base Bid | Bldg. #4 / Bldg. #1000 | 14-May-97 | 3-Sep-98 | 477 | $4550 | $2,170,350.00 |
| Option 1 | Relocations | 11-Jul-97 | 1-Jul-98 | 355 | $3000 | $1,065,000.00 |
| Option 2 | Test 93-20 | 11-Jul-97 | 1-Jul-98 | 355 | $200 | 71,000.00 |
| Option 3 | Bldg. #4 Chillers | 11-Jul-97 | 19-Nov-97 | 131 | $200 | $ 26,200.00 |
| Option 4 | Bldg. #1000 Chillers | 11-Jul-97 | 3-Sep-98 | 419 | $250 | $ 104,750.00 |
| Option 5 | Demo. Var. Buildings | 11-Jul-97 | 28-Aug-98 | 413 | $200 | $ 82,600.00 |
| Option 6 | Demo. Var. Buildings | 11-Jul-97 | 28-Aug-98 | 413 | $200 | $ 82,600.00 |
| Option 7 | Fence | 11-Jul-97 | 28-Aug-98 | 413 | $200 | $ 82,600.00 |
| Option 8 | Mothballing | 11-Jul-97 | Deleted | from | contract | |
| TOTAL | | | | | | $3,685,100.00 |

Accordingly, demand is hereby made on you in the amount of $3,685,100.00.

Your check should be made out to the U.S. Treasury Depa-rtment. Pursuant to the interest clause in your contract, interest is due at the rate established by law from the date of your receipt of this letter.

You may submit a proposal for deferment of collection if immediate payment is not practicable or if you plan to dispute the amount due. Any requests for deferment shall be submitted to the Contracting Officer. Please remit payment to:

Commanding Officer
Engineering Field Activity, Northeast
Naval Facilities Engineering Command
10 Industrial Highway, MS #82
Lester, PA 19113-2090

This is the final decision of the contracting officer. This Decision may be appealed to the Armed Services Board of Contract Appeals, which is the authorized representative of the Secretary of the Navy for hearing and determining contract disputes.

If you decide to appeal this decision, written notice thereof must be mailed or otherwise furnished to the Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, 7th Floor, Falls Church, VA 22041, within ninety (90) days from the date you receive this decision. A copy of that notice

4200
AQX/MP
**FEB 1 8 2004**

shall also be furnished to the Contracting Officer from whose decision the appeal is taken, at the address set forth at the head of this letter, Attention:' Director, Contracts Department. The notice should indicate that an appeal is intended, should reference this decision, identify the contract by number, and state the amount in dispute. The rules of procedure of the Armed Services Board of Contract Appeals are in the DFAR, Appendix A, Part Two. Optional Accelerated Procedures are available in appeals involving $50,000 or less. Small Claims (Expedited) Procedures are available in appeals involving $10,000 or less. In lieu of appealing to the Armed Services Board of Contracts Appeals, you may bring action directly in the U.S. Court of Federal Claims within 12 months of the date you received this decision (except as provided in Section 4 of the Act (Maritime Contracts)).

Sincerely,

R B. ES
Captain, CEC, U.S. Navy
Commanding Officer

Copy to: Richard D. Corona, The Corona Firm, LLP