# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FSEC, INC., A California corporation,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | **CASE NO. 03-2152C**<br>**JOINT PRELIMINARY STATUS REPORT**<br>**Judge Braden** |

The parties hereto hereby submit the following Joint Preliminary Status Report and respond to the questions set forth in Appendix A, Case Management Procedure, Section III, as follows:

**I**

**RESPONSES TO APPENDIX A CMC QUESTIONS**

(a) Does the court have jurisdiction over the action?

Plaintiffs contends that the Court possesses jurisdiction to entertain its claims. Defendant has not identified any reason to question the jurisdiction of the Court.

(b) Should the case be consolidated with any other case and the reasons therefor?

No.

(c) Should trial of liability and damages be bifurcated and the reasons therefor?

The parties do not currently believe that bifurcation is appropriate.

(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?

The parties do not anticipate seeking remand or suspension.

(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

No.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

The parties may file motions pursuant to RCFC 56. The parties propose that any such motion must be filed within 60 days after the close of discovery.

(h) What are the relevant factual and legal issues?

The parties submit this statement of relevant issues.

i. Whether plaintiff is entitled to damages for breach of contract based upon defective plans and specifications.

ii. Whether plaintiff is entitled to damages for delay and disruption.

iii. Whether plaintiff is entitled to damages based upon defendant's failure to grant contractual time extensions.

iv. Whether defendant is entitled to liquidated damages.

v. If plaintiff is entitled to damages, what is the amount of damages to which it is entitled.

vi. If defendant is entitled to liquidated damages, what is the amount of liquidated damages to which it is entitled.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties anticipate attempting to settle this case prior to trial. Defendant does not currently contemplate the use of alternative dispute resolution. Plaintiff will request ADR.

(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, requested expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

If the parties are unable to resolve this matter, either through settlement or by dispositive motion, trial will be necessary. The parties do not request expedited trial scheduling.

(k) Are there special issues regarding electronic case management needs?

There is a voluminous amount of documentation in this matter. In order to comply with the Court's electronic filing requirements, the parties will be required to scan a large percentage of the available documents, which will prolong the amount of time required for the parties to exchange relevant documents.

(l) Is there other information of which the Court should be aware at this time?

No.

## II

## PROPOSED DISCOVERY PLAN

| | <u>**DATE**</u> |
|---|---|
| a. Rule 26(a)(1) disclosures- | 30 days after filing of JPSR |
| b. Rule 26(a)(2) disclosures | July 15, 2004 |
| c. Rule 26(a)(2)(c) rebuttal disclosures | August 13, 2004 |
| d. Last day to serve discovery requests | April 1, 2005 |
| e. Last day to conduct fact depositions | June 3, 2005 |
| f.. Last day to to serve expert reports | June 24, 2005 |
| g. Last day for to serve expert rebuttal reports | July 15, 2005 |
| h. Last day to conduct expert depositions | August 31, 2005 |

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick

MARK A. MELNICK
Assistant Director

s/Richard D. Corona

RICHARD D. CORONA
The Corona Firm, LLP
4700 Spring Street, Suite 300
La Mesa, CA 91941
Telephone: (619) 299-3311
Fax: (619) 299-3334

Attorneys for Plaintiff

s/Gerald M. Alexander

GERALD M. ALEXANDER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Telephone: (202) 307-0361
Fax: (202) 514-7965

Attorneys for Defendant

June 3, 2004