IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FSEC, INC., | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2152C |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT MOTION TO AMEND THE SCHEDULING ORDER

The parties jointly respectfully request the Court to amend the current scheduling order, as explained below. This is the parties' first joint motion to amend the scheduling order.

The current scheduling order provides for fact discovery to close on July 15, 2005. Both parties have devoted substantial time and effort to this case and have made good progress toward completing fact discovery. Nonetheless, the parties have not been able to complete fact discovery and request additional time to do so, as explained below.

The parties have accomplished the following. Both parties served interrogatories and document requests by the May 1, 2005 deadline, and both parties have responded to the interrogatories and document requests they received. FSEC, Inc. ("FSEC") expects to produce its documents for inspection and copying by the Government on July 27-29,

2005.[1] Schedule conflicts involving FSEC personnel and the Government's consultants, who will inspect FSEC's documents, made it impossible to complete this task earlier.

In addition, the Government served subpoenas duces tecum on four third parties, and the parties have been cooperating with regard to those document productions so that the documents are copied once, bate stamped, and copies provided to both parties for use in this litigation. Two of the four productions have been completed and the parties hope to complete the other two in the near future.

The parties have also devoted substantial time and effort toward analyzing the documents and issues in this case, in preparation for taking depositions. The parties have already exchanged and copied in excess of 130,000 pages of documents.

The Government has also audited FSEC's claim. The auditors met with FSEC's personnel and requested information and documents they needed to perform the audit. FSEC has provided some of these materials, and is working to respond to the remaining open requests.

---

[1] This production is in response to the Government's document requests. FSEC previously made its documents available pursuant to an informal agreement with the Government.

Each party anticipates taking two weeks of fact depositions. Most of these depositions will be in the Philadelphia, Pennsylvania, area, which means that both counsel will have to do a significant amount of travel, and travel time must be factored into the schedule.

Finally, one additional factor has affected the parties' ability to complete the fact discovery in this case. Government counsel's wife was diagnosed with breast cancer in late May and must undergo substantial surgery in the near future. There are several options with regard to this surgery and, as a result, during the past six weeks, Government counsel has accompanied his wife to five doctor's appointments to obtain information and advice, and has devoted significant amounts of time after normal duty hours analyzing these issues and discussing them with his wife.

Government counsel's wife is now tentatively scheduled for surgery on August 29, 2005. We have been advised that she will probably be in the hospital for four to seven days, and that she will then not be able to return to work for another four to six weeks. Government counsel believes that he must be with his wife during the first several weeks of her recovery, and would not be able to travel during that period.

Accordingly, the parties propose an enlargement of the fact discovery deadline by 119 days, to and including November 11, 2005. That would allow the parties to take four weeks of fact depositions, commencing the week of September 26, 2005, and proceeding every other week. That would allow Government counsel's wife to complete much of her recovery before Government counsel must travel to do the depositions in this case, and would allow both parties time to devote to their other cases, while still making this case a top priority.

The parties also propose a slight change in the approach to this case. The parties would like to engage in settlement discussions after the close of fact discovery and before engaging in expert discovery. In order to do so, however, each party will need information with regard to the opposing party's experts' opinions. Accordingly, the parties propose that they exchange preliminary expert reports, prepared solely to facilitate the settlement discussions, on October 31, 2005.

Once these preliminary reports have been exchanged, and the parties have completed fact depositions, the parties should have a good understanding of the strengths and weaknesses of their cases, and should be in a good position

to attempt to settle the case. Holding settlement discussions at that time would save the parties the significant time and expense involved in preparing final expert reports and doing expert depositions, should the case settle, while preserving the parties' rights to prepare final expert reports and conduct expert depositions, should the case not settle. The parties jointly propose that the deadline for completing settlement discussions be set as December 16, 2005.[2]

Finally, the parties jointly propose that the remainder of the deadlines in this litigation be amended as follows:

| | |
|---|---|
| January 13, 2006 | Final expert reports due[3] |
| February 17, 2006 | Expert depositions completed |

---

[2] Government counsel does not possess authority to make or accept a settlement offer upon behalf of the United States. Rather, he possesses authority to negotiate upon behalf of the United States and to make a recommendation to his superiors to accept a settlement offer from plaintiff. The parties request that the Court establish a deadline for the completion of settlement discussions. If, as a result of those discussions, plaintiff makes a settlement offer that Government counsel will recommend his superiors accept, the parties will file a joint status report so informing the Court, and Government counsel will then prepare a memorandum to his superiors recommending that they accept plaintiff's settlement offer.

[3] The parties contemplate submitting only these final reports to the Court, should a trial be necessary, and treating the preliminary reports as subject to Rule 408 of the Federal Rules of Evidence.

| | |
|---|---|
| March 17, 2006 | Dispositive motions due |
| May 5, 2006 | Meeting of counsel |
| May 19, 2006 | Plaintiff files memorandum of contentions of fact and law, witness list, exhibit list, and any motions contemplated by RCFC, Appendix A, ¶¶ 14-16 |
| June 16, 2006 | Defendant files memorandum of contentions of fact and law, witness list, exhibit list, and any motions contemplated by RCFC, Appendix A, ¶¶ 14-16 |
| June 16, 2006 | Defendant files response to any motions filed by plaintiff pursuant to RCFC, Appendix A, ¶¶ 14-16 |
| June 28, 2006 | Plaintiff files response to any motions filed by defendant pursuant to RCFC, Appendix A, ¶¶ 14-16 |
| July 7, 2006 | Pretrial conference |
| July 31 - August 11, 2006[4] | Trial |

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[4] Government counsel is scheduled to be on vacation August 18-26, 2006. For a variety of reasons, Government counsel has very limited flexibility as to when he goes on vacation.

/s Mark A. Melnick

MARK A. MELNICK
Assistant Director

/s Richard D. Corona

RICHARD D. CORONA
The Corona Firm, LLP
4700 Spring Street, Ste 300
La Mesa, CA 91941
Telephone: (619) 299-3311
Fax: (619) 299-3334

Attorneys for Plaintiff

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

July 15, 2005

NOTICE OF FILING

I hereby certify that on July 15, 2005, a copy of the foregoing "JOINT MOTION TO AMEND THE SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus