IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FSEC, INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 03-2152C (Judge Braden) |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On February 20, 1996, plaintiff, FSEC, Inc. ("FSEC"), entered into Contract No. N62472-94-C-0311 (the "contract") with the Department of the Navy to relocate certain offices at the Philadelphia Navy Yard.

2. FSEC performed the contract.

3. On October 7, 1997, pursuant to the Contract Disputes Act ("CDA"), FSEC submitted a certified claim to the contracting officer for damages and losses alleged to be a result of the Navy's specifications and drawings, and its administration of the contract. On May 20, 2003, FSEC submitted an amended certified claim in the amount of $7,395,460. On June 20, 2003, the contracting officer issued a final decision denying FSEC’s claim in its entirety.

4. On September 11, 2003, FSEC filed this suit challenging the contracting officer's final decision upon its certified claim.

5. FSEC has offered to settle each and all of its claims in this case in exchange for payment by the United States of $2,900,000, inclusive of interest pursuant to the CDA through April 30, 2006, with, if plaintiff has not received payment by April 30, 2006, additional interest pursuant to the CDA, upon $2 million, from May 1, 2006 until plaintiff receives payment from the United States, and with each party to bear its own costs, expenses, and attorney fees.

6. FSEC's offer has been accepted on behalf of the Attorney General.

7. The United States consents to entry of judgment against the United States in favor of FSEC as set out in paragraph 5.

8. Upon entry of judgment, FSEC releases, waives, and abandons all claims against the United States, its political sub-divisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

9. This stipulation is in no way related to or concerned with income or other taxes for which FSEC is now liable or may

become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

10. FSEC warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. FSEC further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by FSEC, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

11. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

12. Plaintiff's counsel represents that he/she has been and is authorized to enter into this stipulation on behalf of FSEC.

14. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Mark A. Melnick
By Deborah A. Bynum

MARK A. MELNICK
Assistant Director
Authorized Representative
of the Attorney General

/s Richard D. Corona

RICHARD D. CORONA
The Corona Firm, LLP
4700 Spring Street, Ste 300
La Mesa, CA 91941
Telephone: (619) 299-3311
Fax: (619) 299-3334

Attorneys for Plaintiff

DATED: April 17, 2006

/s Thomas D. Dinackus

THOMAS D. DINACKUS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6289
Fax: (202) 514-7969

Attorneys for Defendant

DATED: April 19, 2006

NOTICE OF FILING

I hereby certify that on April 19, 2006, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Thomas D. Dinackus